# COMPOSITE
# EXHIBIT "B"



**Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)**

# Case Detail - Public

 Print

## Joshua Boston Times Plaintiff vs. Wal-Mart Stores East, LP Defendant

**Broward County Case Number:** CACE25004671
**State Reporting Number:** 062025CA004671AXXXCE
**Court Type:** Civil
**Case Type:** Neg - Premises Liability Commercial
**Incident Date:** N/A
**Filing Date:** 04/01/2025
**Court Location:** Central Courthouse
**Case Status:** Active
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Fahnestock, Fabienne E

– Party(ies)                                                      Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>⭐ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Times, Joshua Boston** | | ⭐ O'Connell, James Edward, III<br>Retained<br>Bar ID: 1054090<br>Rubinstein Law<br>261 N University Dr Ste 700<br>Plantation, FL 33324<br>**Status: Active** |
| Defendant | **Wal-Mart Stores East, LP** | | ⭐ Manzo, Christine M<br>Retained<br>Bar ID: 52121<br>Liebler, Gonzalez & Portuondo<br>44 West Flagler Street<br>Suit 2500<br>Miami, FL 33130-6808<br>**Status: Active** |

## − Disposition(s)                                                                 Total: 0

| Date | Statistical Closure(s) | |
|---|---|---|
| Date | Disposition(s) | View / Pages |

## − Collection(s)                                                                 Total: 0

**There is no Collection information available for this case.**

## − Event(s) & Document(s)                                                         Total: 12

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 04/24/2025 | **Answer & Affirmative Defenses** | Party: *Defendant* Wal-Mart Stores East, LP | 📄 /8 |

| Date | Description | Additional Text | View / Pages |
|------|-------------|-----------------|--------------|
| 04/11/2025 | **Notice of Appearance** | OF LIEBLER, GONZALEZ & PORTUONDO AS COUNSEL<br>Party: *Defendant* Wal-Mart Stores East, LP | 📄/2 |
| 04/11/2025 | **Notice of Filing Designation of Emailing Addresses** | OF DEFENDANT'S COUNSEL LIEBLER, GONZALEZ & PORTUONDO<br>Party: *Defendant* Wal-Mart Stores East, LP | 📄/2 |
| 04/08/2025 | **Summons Returned Served** | 4th day of April, 2025<br>Party: *Defendant* Wal-Mart Stores East, LP | 📄/1 |
| 04/02/2025 | **eSummons Issuance** | ISSUED ON: WAL-MART STORES EAST, LP | 📄/2 |
| 04/01/2025 | **Per AOSC20-23 Amd12, Case is determined General** | | |
| 04/01/2025 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄/3 |
| 04/01/2025 | **Complaint (eFiled)** | | 📄/4 |
| 04/01/2025 | **Notice of Service of Interrogs** | | 📄/1 |
| 04/01/2025 | **Notice of Disclosure** | | 📄/1 |
| 04/01/2025 | **Request for Admissions** | | 📄/2 |
| 04/01/2025 | **Request for Production** | | 📄/3 |

---

— Hearing(s)  Total: 0

**There is no Disposition information available for this case.**

**–** Related Case(s)                                                          Total: 0

> There is no related case information available for this case.

# Brenda D. Forman

## Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                              〉

 (https://www.facebook.com/browardclerkofcourts/)

# Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)                     〉

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                            〉

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)              〉

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                               〉

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)                                      〉

# Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                                        ♿

PRINT                                                                                    🖶

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)            »

# Main Courthouse Location

201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) ›
*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) ›
*PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

© 2025 - All rights reserved

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JOSHUA BOSTON TIMES,                                    CIVIL DIVISION

    Plaintiff                                          CASE NO.:

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, WAL-MART STORES EAST, LP

The Plaintiff, Joshua Boston Times, by and through the undersigned attorneys, hereby requests the Defendant, Wal-Mart Stores East LP, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to Fla.R.Civ.P., at RUBENSTEIN LAW, 261 N. University Drive, Suite 700, Plantation, FL 33324, the following:

1.    The employee safety manual or other written document of the Defendant in effect on June 10, 2024 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2.    Any and all policies and/or procedures of the Defendant in effect on June 10, 2024 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

3.    Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on June 10, 2024.

4.    Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5.    Any and all statements obtained from any person concerning any of the issues in this lawsuit.

6.    Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the WAL-MART STORES EAST, LP, located 2300 W Atlantic Blvd, Pompano Beach, Florida, Broward County, on June 10, 2024, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10.     A list of the names and addresses (including clock-in/time records) of all employees employed at WAL-MART STORES EAST, LP, located at 2300 W Atlantic Blvd, Pompano Beach, Florida, Broward County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11.     Any and all incident reports or accident reports pertaining to the subject incident.

12.     A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13.     All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on June 10, 2024.

14.     A copy of any report created as a result of Plaintiff's incident on June 10, 2024, that was signed and/or filled out by Plaintiff.

15.     A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on June 10, 2024.

16.     A map (aerial view) of the Defendant's store located at 2300 W Atlantic Blvd, Pompano Beach, Florida, Broward County identifying the layout of the store as it existed on the date of the incident.

17.     A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18.     Any document, photograph, or video, identified in your answers to interrogatories.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, **WAL-MART STORES EAST, LP.**

Dated: <u>April 1, 2025</u>

<div style="margin-left: 50%;">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S Dadeland Blvd
Miami, Florida 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: joconnell@rubensteinlaw.com
      acperez@rubensteinlaw.com
      eservice@rubensteinlaw.com

By:  /s/ *James O'Connell*
    **James O'Connell**
    Florida Bar No.: 1054090

</div>

Filing # 220083540 E-Filed 04/01/2025 04:50:26 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JOSHUA BOSTON TIMES,                                    CIVIL DIVISION

      Plaintiff,                                        CASE NO.:

v.

WAL-MART STORES EAST, LP

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, WAL-MART STORES EAST, LP

    The Plaintiff, Joshua Boston Times, by and through the undersigned counsel and pursuant

to Rule 1.370, Florida Rules of Civil Procedure, requests that Defendant, Wal-Mart Stores East,

LP, admit or deny the following:

1.     Defendant has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

2.     Defendant has been properly served with the summons and complaint.

3.     This matter has been filed within the statute of limitations.

4.     Venue is proper in Broward County, Florida.

5.     Plaintiff was lawfully on the premises at the time of his slip and fall on June 10, 2024.

6.     Plaintiff was a business invitee at the time of his slip and fall on June 10, 2024.

7.     Plaintiff slipped and fell in the Defendant's premises on June 10, 2024.

8.     Plaintiff suffered injuries as a result of the fall in the Defendant's premises on June 10, 2024.

9.     Defendant was the owner of the premises located at 2300 W Atlantic Blvd., Pompano Beach, Florida at the time of the incident.

10.     Defendant has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on June 10, 2024.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, WAL-MART STORES EAST, LP.

Dated: <u>April 1, 2025</u>

<div style="margin-left: 50%;">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S Dadeland Blvd
Miami, Florida 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: joconnell@rubensteinlaw.com
       acperez@rubensteinlaw.com
       eservice@rubensteinlaw.com

By:  <u>/s/ James O'Connell</u>
     **James O'Connell**
     Florida Bar No.: 1054090

</div>

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JOSHUA BOSTON TIMES,                                          CIVIL DIVISION

      Plaintiff                                                          CASE NO.:

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL DISCOVERY DISCLOSURES IN COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.280(a)

COMES NOW, the Plaintiff, Joshua Boston Times by and through the undersigned counsel, and hereby provides Notice of Serving Initial Discovery Disclosures in Compliance with Florida Rule of Civil Procedure 1.280(a).  Plaintiff's Initial Discovery Disclosures are being served upon the Defendant with the Summons and Complaint of this matter.

Dated this  1st day of  April, 2025

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 771-0361
Email: joconnell@rubensteinlaw.com
       acperez@rubensteinlaw.com
       eservice@rubensteinlaw.com

By:  /s/ James O'Connell
**JAMES O'CONNELL**
Florida Bar No.: 1054090

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JOSHUA BOSTON TIMES,                              CIVIL DIVISION

    Plaintiff                                    CASE NO.:

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT, WAL-MART STORES EAST, LP

The Plaintiff Joshua Boston Times, by and through the undersigned attorney, hereby gives

notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, Wal-Mart Stores East

LP, to be answered within forty-five (45) days from the date of service pursuant to the Florida

Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, **WAL-MART STORES EAST, LP**.

Dated: April  1 , 2025

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S Dadeland Blvd
Miami, Florida 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: joconnell@rubensteinlaw.com
      acperez@rubensteinlaw.com
      eservice@rubensteinlaw.com

By:  _/s/ James O'Connell_
    **James O'Connell**
    Florida Bar No.:1054090

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JOSHUA BOSTON TIMES,                                    CIVIL DIVISION

      Plaintiff,                                            CASE NO.:

v.

WAL-MART STORES EAST, LP

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, Joshua Boston Times, by and through the undersigned counsel, hereby sues the Defendant, Wal-Mart Stores East LP and alleges:

1.      This is an action for damages which exceeds Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.      At all times material hereto, the Plaintiff was and is a resident of Broward County, Florida, and is otherwise *sui juris*.

3.      At all times material hereto, the Defendant was and is a Foreign Limited Partnership registered to do business in Pompano Beach, Broward County, Florida.

4.      Venue is proper in this County in that the Defendant does business in Broward County, Florida, and/or all of the acts complained of herein occurred in Broward County, Florida.

5.      On or about June 10, 2024, the Plaintiff was a business invitee of the Defendant's premises located at 2300 W Atlantic Blvd; Pompano Beach, Florida. (the 'Premises'')

### COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP

Plaintiff re-alleges and restates the preceding allegations as fully set forth herein

6.      At all times material hereto, and specifically on June 10, 2024, Defendant owned, managed, controlled, operated, and/or maintained the Premises.

7.      On or about June 10, 2024, the Plaintiff was lawfully in the premises when he slipped and fell on a wet floor.

8.      The Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9.      The Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as puddle of water and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c.      Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d.      By failing to remove said puddle or other similar substance from the floor of the premises; and/or

e.      By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.     Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a puddle and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.     The Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

11.     That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

12.     As a direct and proximate result of the aforementioned negligence of the Defendant, the Plaintiff slipped on a liquid substance and/or a similar substance that had accumulated on the floor and sustained severe, grievous and permanent injuries; physical and mental pain and suffering; disability; physical impairment; disfigurement;  mental anguish; inconvenience; loss of capacity for the enjoyment of life; loss of earnings and impairment of earning capacity; and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. Said injuries are either permanent or continuing in their nature and the Plaintiff will suffer the losses into the future.

WHEREFORE, Plaintiff Joshua Boston Times respectfully demands judgment against Defendant, Wal-Mart Stores East LP, for damages, costs, and interest and all other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, JOSHUA BOSTON TIMES, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: April 1, 2025

<div style="margin-left:40%">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S Dadeland Blvd
Miami, Florida 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: joconnell@rubensteinlaw.com
       acperez@rubensteinlaw.com
       eservice@rubensteinlaw.com

By:   */s/ James O'Connell*
**JAMES O'CONNELL**
Florida Bar No.:1054090

</div>

- 4 -

Case 0:25-cv-60875-DSL    Document 1-3    Entered on FLSD Docket 05/02/2025    Page 18 of 35

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Joshua Boston Times</u>
 Plaintiff

Case # _____
Judge _____

vs.

<u>Wal-Mart Stores East, LP</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ James Edward O'Connell III     Fla. Bar # 1054090
      Attorney or party            (Bar # if attorney)

James Edward O'Connell III         04/01/2025
  (type or print name)         Date

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JOSHUA BOSTON TIMES,

     Plaintiff,

v.

WAL-MART STORES EAST, LP

     Defendant.

_____/

CIVIL DIVISION

CASE NO.: CACE-25-004671

## **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Initial Disclosures, Interrogatories, Request for Admissions, Request for Production in this action on Defendant:

**WAL-MART STORES EAST, LP**
**c/o: CT Corporation System**
**1200 South Pine Island Road, Suite #250**
**Plantation, FL 33324-4459**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

**James O'Connell, Esquire**
**RUBENSTEIN LAW, P.A**
**9130 S Dadeland Blvd**
**Miami, Florida 33156**
**Tel: (305) 661-6000 / Fax: (305) 670-7555**

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED ON:  on this _____ day     <u>APR 03 2025</u>

                    Clerk of Said Court

                    BY:_____
                       As Deputy Clerk
     (Court Seal)

BRENDA D. FORMAN

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court and also, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition. There are other legal requirements.  You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

**If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

**Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

**Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.**

2

Filing # 220572864 E-Filed 04/08/2025 03:37:06 PM

## RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: CACE-25-004671

Plaintiff:
**JOSHUA BOSTON TIMES,**

vs.

Defendant:
**WAL-MART STORES EAST, LP**



LIN2025026034

For:
James O'Connell
Rubenstein Law, P.A.
9130 South Dadeland Boulevard
PH
Miami, FL 33156

Received by Lynx Legal Services, on the 3rd day of April, 2025 at 2:35 pm to be served on **Wal-Mart Stores East, LP c/o CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, John Brady, do hereby affirm that on the **4th day of April, 2025** at **11:20 am, I:**

served an **LLC, LP or LLP** by delivering a true copy of the **20-Day Summons, Complaint for Damages and Demand for Jury Trial, Plaintiff's Request for Admissions to Defendant, Wal-Mart Stores East, LP, Plaintiff's Request for Production to Defendant, Wal-Mart Stores East, LP, Plaintiff's Notice of Serving Initial Interrogatories to Defendant, Wal-Mart Stores East, LP, Plaintiff's Notice of Serving Initial Discovery Disclosures in Compliance with Florida Rule of Civil Procedure 1.280(a) and Plaintiff's Rule 1.280(a) Initial Discovery Disclosures** with the date and hour of service endorsed thereon by me, to: **Jasmine Gary** as Clerk at R/A Office of **Wal-Mart Stores East, LP**, at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with F.S. 48.061 and F.S. 48.062.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: Black, Height: 5'7, Weight: 130, Hair: Black, Glasses: N

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

**John Brady**
1711

**Lynx Legal Services,**
**a U.S. Legal Support company**
**201 E Pine St., Ste 740**
**Orlando, FL 32801**
**(407) 872-0707**

Our Job Serial Number: LIN-2025026034
Ref: 593945

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

**IN THE COUNTY COURT OF THE**
**17ᵗʰ JUDICIAL CIRCUIT IN AND FOR**
**BROWAD COUNTY, FLORIDA**
*(CIVIL DIVISION)*

JOSHUA BOSTON TIMES,                              CASE NO.: CACE-25-004671

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

### DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

    The undersigned law firm designates, pursuant to Rule 2.516, the following e-mail address for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

Primary E-Mail Address:    service@lgplaw.com

Secondary E-Mail Addresses: cmm@lgplaw.com    ngn@lgplaw.com    ars@lgplaw.com

             Respectfully submitted,

             **LIEBLER, GONZALEZ & PORTUONDO**
             *Attorneys for Defendant*
             Courthouse Tower - 25ᵗʰ Floor
             44 West Flagler Street
             Miami, FL 33130
             (305) 379-0400
             service@lgplaw.com

    By:    */s/ Christine M. Manzo*
             CHRISTINE M. MANZO
             Florida Bar No. 52121
             NICHOLAS G. NEVEILLE
             Florida Bar No. 123893
             YVAN A. GONZALEZ
             Florida Bar No. 112932

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/11/2025 10:14:00 AM.****

CASE NO.: CACE-25-004671

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of April, 2025, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **James O'Connell, Esq,** (joconnell@rubinsteinlaw.com), (acperez@rubensteinlaw.com), (eservice@rubensteinlaw.com), Rubenstein Law, P.A., 9130 Dadeland Blvd., Miami, Florida 33156.

<div align="right">

/s/ Christine M. Manzo
CHRISTINE M. MANZO

</div>

**IN THE COUNTY COURT OF THE**
**17ᵗʰ JUDICIAL CIRCUIT IN AND FOR**
**BROWAD COUNTY, FLORIDA**
*(CIVIL DIVISION)*

JOSHUA BOSTON TIMES,                                    CASE NO.: CACE-25-004671

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

**NOTICE OF APPEARANCE**

    **PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO

enters its appearance as counsel for WAL-MART STORES EAST, LP in these proceedings. All

parties are requested to take notice of the appearance of undersigned counsel and to serve all

copies of all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature

upon the undersigned counsel.

                        Respectfully submitted,

                        **LIEBLER, GONZALEZ & PORTUONDO**
                        *Attorneys for Defendant*
                        Courthouse Tower - 25ᵗʰ Floor
                        44 West Flagler Street
                        Miami, FL 33130
                        (305) 379-0400
                        service@lgplaw.com

    By:    */s/ Christine M. Manzo*
           CHRISTINE M. MANZO
           Florida Bar No. 52121
           NICHOLAS G. NEVEILLE
           Florida Bar No. 123893
           YVAN A. GONZALEZ
           Florida Bar No. 112932

CASE NO.: CACE-25-004671

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of April, 2025, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **James O'Connell, Esq,** (joconnell@rubinsteinlaw.com), (acperez@rubensteinlaw.com), (eservice@rubensteinlaw.com), Rubenstein Law, P.A., 9130 Dadeland Blvd., Miami, Florida 33156.

/s/ Christine M. Manzo
CHRISTINE M. MANZO

## IN THE CIRCUIT COURT OF THE
## 17TH JUDICIAL CIRCUIT IN AND FOR
## BROWARD COUNTY, FLORIDA
### *(CIVIL DIVISION)*

JOSHUA BOSTON TIMES,                       CASE NO.: CACE-25-004671

        Plaintiff,

v.

WAL-MART STORES EAST LP,

        Defendant.

_____/

### DEFENDANT WAL-MART STORES EAST LP'S ANSWER
### AND AFFIRMATIVE DEFENSES TO COMPLAINT

    Defendant WAL-MART STORES EAST LP ("Defendant"), through undersigned, files its Answer and Affirmative Defenses to Plaintiff's JOSHUA BOSTON TIMES ("Plaintiff") Complaint, deny all allegations not specifically admitted herein and state the following:

### GENERAL ALLEGATIONS

    1.    Defendant admits that Plaintiff is seeking damages in excess of $50,000.00, but denies that Plaintiff is entitled to any damages, let alone a sum in excess of $50,000.00.

    2.    Defendant admits that Plaintiff alleges he is a resident of Broward County. Defendant is without knowledge as to the remainder of the allegations of Paragraph 2.

    3.    Defendant admits that it is a foreign limited partnership with its principal place of business in Bentonville, Arkansas.

    4.    Defendant objects as Paragraph 4 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations of Paragraph 4 and demands strict proof thereof.

CASE NO.: CACE-25-004671

5.      Defendant objects as Paragraph 5 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations of Paragraph 5 and demands strict proof thereof.

### COUNT I – NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP

Defendant re-affirms and reveres their responses to the proceeding paragraphs.

6.      Defendant admits that it owned and still owns the premises located at 2300 W Atlantic Blvd, Pompano Beach, FL 33069.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint, and demands strict proof thereof.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint, and demands strict proof thereof.

9.      Defendant denies the allegations in Paragraph 9, a. – f., of the Complaint, and demands strict proof thereof.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint, and demands strict proof thereof.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint, and demands strict proof thereof.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint, and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1.      **No Duty.** Defendant did not owe any duty to Plaintiff.

2.      **No Breach of Duty.** While denying all the allegations of the Complaint regarding liability, injuries and damages allegedly sustained by Plaintiff, to the extent that

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-25-004671

Plaintiff may be able to prove any such damages, Defendant states that such damages, if any, arose out of some event or exposure over which Defendant had no control or right to control. At all times relevant thereto, the allegedly dangerous condition referred to by Plaintiff in the Complaint, was neither created by Defendant nor did said condition exist upon the premises for a sufficient length of time that Defendant should have discovered said condition and corrected it or warned Plaintiff as to the existence of said condition. Therefore, Defendant did not breach any duty owed to Plaintiff.

3.      **Reasonableness.** Defendant acted in a reasonable manner under the circumstances.

**Comparative Negligence.** Defendant states that, if any injury or damage was sustained by the Plaintiff, such injury or damage was proximately caused or contributed to by the Plaintiff's own negligence, and therefore, Plaintiff either may not recover or, in the alternative, any such recovery must be diminished by the degree to which Plaintiff's own negligence contributed to the loss. §768.81, Fla. Stat. Furthermore, if Plaintiff is found to be greater than 50 percent at fault for his own harm, he may not recover any damages against Defendant. §768.81(6), Fla. Stat. (2023).

4.      **Nonparty Negligence** Under §768.81, Fla. Stat., in a negligence action, the court shall enter judgment against each party liable based on such party's percentage of fault and not based on the doctrine of joint and several liability. §768.81(3), Fla. Stat.; see also *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). Defendant is only responsible for its relative degree of culpability as determined by the trier of fact, pursuant to §768.81, Fla. Stat., and the Fabre doctrine.

5.      **Failure to Use Reasonable Care.** If Plaintiff sustained damages as alleged in

3

CASE NO.: CACE-25-004671

the Complaint, then Plaintiff failed and neglected to use reasonable care to protect themself, and to minimize and mitigate the losses and damages.

6.      **Assumption of Risk.** Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury, and having a reasonable opportunity to avoid it, voluntarily exposed themself to the danger.

7.      **Plaintiff Had Actual or Constructive Knowledge.** Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than Defendant's knowledge of said condition, wherefore and under these circumstances, Defendant is not liable.

8.      **Open and Obvious Peril.** The condition that Plaintiff complains of in the Complaint was open and obvious. Therefore, Defendant did not have a duty to warn Plaintiff.

9.      **Superseding Cause.** Plaintiff's alleged damages, if any, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Defendant.

10.     **Proximate Cause.** While denying all the allegations of Plaintiff's Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, Defendant states that to the extent that Plaintiff may be able to prove any negligence or fault on the part of Defendant, it was not the proximate cause of any of the damages at issue in the Complaint.

11.     **Failure to Mitigate Damages.** Plaintiff failed to mitigate, minimize, or avoid all or a portion of the damages which comprise Plaintiff's claims.

12.     **Failure to State Cause of Action.** Plaintiff's Complaint fails to state a cause of action.

13.     **Set-Off.** Defendant is entitled to a set-off for any collateral source payment, as

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-25-004671

expressed in §768.76, Fla. Stat., that has been paid or are payable to or on behalf of Plaintiff,

including a set off of any contractual discount of medical bills or expenses, negotiated write off

of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in

the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 848 So. 2d 406

(Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses

assessed but waived or not actually incurred by Plaintiff.

14. **Release of Claim.** To the extent Plaintiff signed any release or covenant not to

sue, or accepted any money or consideration from any person, firm or entity regarding the

alleged incident, Defendant is entitled to the benefit thereof, such that Defendant's liability or

responsibility for any damages determined by a jury, if any, is reduced or extinguished thereby.

15. **Defendant Did Not Have Actual or Constructive Knowledge.** Defendant had

no actual or constructive knowledge of the conditions that Plaintiff complains of.

16. **Damages.** Without otherwise admitting to the validity of the allegations set forth

in the Complaint, Defendant asserts that Plaintiff cannot recover for medical expenses where

Plaintiff failed to prove the reasonableness and necessity of the purported medical expenses

and/or that said medical expenses are related to the alleged incident.

17. **Collateral Sources.** Without otherwise admitting the validity of the allegations

set forth in the Complaint, Defendant asserts that Plaintiff was the recipient of benefits from

private health insurance and/or collateral sources and, therefore, Defendant is entitled to a set-

off or a reduction of such sums received against any amount of verdict award that may be

entered against Defendant. Plaintiff should not be entitled to recover any damages which would

have been avoided had Plaintiff, or any medical provider who accepted assignment, mitigated

same by submitting any bills for payment to health insurance or benefits, which would have

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-25-004671

resulted in reductions of amounts due.

Further, to the extent that certain collateral source benefits from governmental or charitable organizations are available to Plaintiff, Defendant is entitled to a set-off of damages claimed by Plaintiff in the amount of governmental or charitable benefits available to all persons. *Florida Physicians Insurance Reciprocal v. Stanley*, 452 So.2d 514 (Fla. 1984). Further, any unearned benefits, including Medicare, Medicaid, or worker's compensation, can only be claimed at trial at their net/discounted/paid amount; the gross amount of the medical bills are inadmissible. *Dial v. Calusa Palms Master Ass'n, Inc.*, 337 So.3d 1229 (Fla. 2022).

18.     **Any Alleged Damages to be Reduced to Actual Cost of Care.** Without otherwise admitting the validity of the allegations set forth in the Complaint, Defendant asserts that medical benefits of private insurance carriers and/or government benefits (including but not limited to Medicare, Medicaid or other government entity benefit) should limit the amount that a plaintiff can board at trial to that amount which accurately reflects the actual cost of care, e.g. the amount of any lien, less any contractual reductions and/or write downs taken by any health insurance carrier or government health benefits. Defendant asserts a right of reduction and that it is improper to provide a jury with factually incorrect evidence upon which they are to base their verdict.

19.     **Damages.** Plaintiff's damages, if any, must be reduced in accordance with §768.0427, Fla. Stat. Pursuant to §768.0427(4) Fla. Stat., Plaintiff may not recover damages for any amount which exceeds the evidence of medical treatment and services admitted pursuant to § 768.0427(2), Fla. Stat., nor may Plaintiff recover damages exceeding the sum of the following: (a) amounts actually paid or on behalf of Plaintiff to a health care provider who

**LIEBLER GONZALEZ & PORTUONDO**
Courthouse Tower, 25th Floor 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

CASE NO.: CACE-25-004671

rendered medical treatment or services; (b) amounts necessary to satisfy charges for medical treatment or services that are due and owing but at the time of trial are not yet satisfied; and (c) amounts necessary to provide for any reasonable and necessary medical treatment or services that Plaintiff will receive in the future.

Defendant reserves the right to add more affirmative defenses as discovery is ongoing.

WHEREFORE, Defendant, WAL-MART STORES EAST LP, demands judgment in its favor and against Plaintiff, JOSHUA BOSTON TIMES, and for any other or further relief this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Defendant, WAL-MART STORES EAST LP, demand trial by jury of all issues by right so triable.

Respectfully submitted,

**Liebler Gonzalez & Portuondo**
*Attorneys for Defendant*
Courthouse Tower
25th Floor 44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:     */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
GABRIELLE A. JOHNSON
Florida Bar No. 1044497

CASE NO.: CACE-25-004671

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2025, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **James O'Connell, Esq,** (joconnell@rubinsteinlaw.com), (acperez@rubensteinlaw.com), (eservice@rubensteinlaw.com), Rubenstein Law, P.A., 9130 Dadeland Blvd., Miami, Florida 33156.

/s/ Christine M. Manzo
CHRISTINE M. MANZO

8